**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERNANDO CHAVEZ-MIER, AKA
Fernando Chavez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-73128

Agency No. A077-339-803

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2019[**]
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and FRIEDLAND, Circuit Judges.

Fernando Chavez-Mier ("Chavez") petitions for review of an order by the

Board of Immigration Appeals ("BIA") denying his motions to reopen and sua

sponte reopen. We review the denial of a motion to reopen for abuse of discretion,

asking whether the BIA acted "arbitrarily, irrationally, or contrary to the law" or

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

otherwise "fail[ed] to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)). We review denials of motions to sua sponte reopen, however, only to the extent that the BIA relied on an incorrect legal or constitutional premise in deciding whether there were "exceptional circumstances" warranting reopening. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Chavez first argues that the BIA erred in applying the 90-day statutory time limit to his motion to reopen. He contends that the underlying deportation proceedings did not result in a lawfully executed deportation because they were based on a constitutionally defective state conviction, and that this automatically entitles him to reopening. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). But Chavez points to no authority showing that the 90-day statutory filing period for motions to reopen does not apply if the underlying deportation order was based on an invalid conviction, and we conclude that it does apply.

Chavez argues that, even if that deadline applies, he is entitled to equitable tolling because an immigration official told him to wait for ten years before reapplying for lawful status. The BIA's conclusion that Chavez did not exercise due diligence so is not entitled to equitable tolling was not arbitrary, irrational, or contrary to law. *See Bonilla*, 840 F.3d at 583. The BIA appropriately held that Chavez failed to exercise due diligence when he did not contact an immigration

2

lawyer to verify the advice he allegedly received from the immigration official anytime during the eight years following his removal. *See id.* (holding that the BIA did not err in denying equitable tolling where the petitioner waited six years before filing a motion to reopen following a pro bono immigration lawyer's advice to "wait a few years").[1]

Chavez further contends that the BIA erred in failing to give "full faith and credit" to the California state superior court's vacatur of his state criminal conviction, which required the state court to find that Chavez had exercised due diligence in pursuing relief. Read charitably, Chavez seems to be asking us to hold that the Government is collaterally estopped from arguing that Chavez did not diligently pursue relief. *See White v. City of Pasadena*, 671 F.3d 918, 926-27 (9th Cir. 2012) (explaining California law on collateral estoppel). But Chavez has not demonstrated that the state court's criteria for demonstrating due diligence in criminal conviction vacatur proceedings is identical to the criteria that the BIA requires to show diligence warranting equitable tolling of motions to reopen, nor has he demonstrated that the party against whom he asserts preclusion (the United States) is the same as the party he opposed in the state court proceeding

---

[1] The Government noted in its brief that even though Chavez is not entitled to reopening, he may be eligible for other relief given that he has waited the 10 years following removal required to allow him to pursue a new I-130 visa petition through his U.S. citizen girlfriend.

3

(California).  *Id.* at 927.  Accordingly, he cannot show that the requirements for collateral estoppel are satisfied.

Finally, Chavez argues that the BIA legally erred in denying his motion to sua sponte reopen by contravening a settled course of adjudication in cases of petitioners seeking reopening based on a vacated criminal conviction, warranting remand under *Bonilla*.  This argument fails in light of our decision in *Menendez-Gonzalez v. Barr*, --- F.3d ---, No. 15-73869, 2019 WL 3022376, at *5 (9th Cir. July 11, 2019).

Petition for review **DENIED.**